# MURPHY, HESSE, TOOMEY & LEHANE, LLP
## Attorneys At Law

CROWN COLONY PLAZA III
300 CROWN COLONY DRIVE, SUITE 410
P.O. BOX 9126
QUINCY, MA 02269-9126
TEL: (617) 479-5000   FAX: (617) 479-6469

WORLD TRADE CENTER EAST
TWO SEAPORT LANE
BOSTON, MA 02210
TEL: (617) 479-5000   FAX: (617) 338-1324

ONE MONARCH PLACE, SUITE 1310R
SPRINGFIELD, MA 01144
TEL: (800) 227-6485   FAX: (617) 479-6469

Arthur P. Murphy
James A. Toomey
Katherine A. Hesse
Michael C. Lehane
John P. Flynn
Regina Williams Tate
Edward F. Lenox, Jr.
Mary Ellen Sowyrda
David A. DeLuca
Ann M. O'Neill
Michael F.X. Dolan, Jr.
Donald L. Graham
Andrew J. Waugh
J. David Moran
Doris R. MacKenzie Ehrens
Mary L. Gallant
Robert M. Delahunt, Jr.
Lorna M. Hebert

Geoffrey P. Wermuth
Joseph T. Bartulis, Jr.
Clifford R. Rhodes, Jr.
Kathryn M. Murphy
Scott E. Bettencourt
Stacey G. Bloom
Michael R. Bertoncini
Rachel A. Israel
Kristin Bierly Magendantz
Adam D. Janoff
Thomas W. Colomb
Monica Swanson Tesler
David A. Appugliese
Jennifer N. Geosits
Bryan R. LeBlanc
Kimberly A. Mucha
Jason M. Gesing
Christina Gentile
Beth Leopold Ross

Of Counsel
Paul F. Dempsey
William P. Breen, Jr.

Scott Harshbarger

**Please Respond to Quincy**

July 1, 2004

United States District Court
for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

    Re:    J.L. 2 Nguyen, Inc. v. Franklin Fryer, et al.
              Civil Action No. 04-11447MLW

Dear Sir/Madam:

    Please find enclosed certified copies of all records and proceedings previously filed with the Norfolk County Superior Court in connection with the above-captioned matter, as well as a certified copy of the state court docket sheet. These materials are being filed pursuant to Local Rule 81.1(a) of the United States District Court for the District of Massachusetts.

    Thank you for your attention to this matter.

Very truly yours,

William P. Breen, Jr.

WPB/jm
Enclosures.
cc:    Gregory F. Galvin, Esq.
        George E. Lane, Jr., Esq.

Commonwealth of Massachusetts
NORFOLK SUPERIOR COURT
Case Summary
Civil Docket

JUL 01 2004

## NOCV2004-00839
### J L 2 Nguyen Inc v Fryer Commissioner et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 05/20/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 06/29/2004 | **Session** | A - Civil A | | |
| **Origin** | 1 | **Case Type** | D13 - Declaratory judgement (231A) | | |
| **Lead Case** | | **Track** | A | | |
| **Service** | 08/18/2004 | **Answer** | 10/17/2004 | **Rule12/19/20** | 10/17/2004 |
| **Rule 15** | 08/13/2005 | **Discovery** | 07/09/2006 | **Rule 56** | 09/07/2006 |
| **Final PTC** | 01/05/2007 | **Disposition** | 05/20/2007 | **Jury Trial** | Unknown |

### PARTIES

**Plaintiff**
J L 2 Nguyen Inc
Active 05/20/2004

**Private Counsel 183920**
Gregory F Galvin
Law Office of Gregory F. Galvin
775 Pleasant Street Unit 16
Weymouth, MA 02189
Phone: 781-340-5335
Fax: 781-340-5665
Active 05/20/2004 Notify

**Defendant**
Franklin Fryer Commissioner
Served: 06/01/2004
Served (answr pending) 06/01/2004

**Private Counsel 558768**
William P Breen Jr
Murphy Hesse Toomey & Lehane
300 Crown Colony Drive
PO Box 9126
Quincy, MA 02169
Phone: 617-479-5000
Fax: 617-479-6469
Active 06/29/2004 Notify

**Defendant**
Jeffrey E Richards commissioner
Service pending 05/20/2004

*** See Attorney Information Above ***

**Defendant**
Robert J Leary commissioner
Service pending 05/20/2004

*** See Attorney Information Above ***

case01 211220 y y y y y y

COMMONWEALTH OF MASSACHUSETTS

NORFOLK:SS

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 04-00839

J.L. 2 NGUYEN, INC.,

PLAINTIFF

v.

FRANKLIN FRYER, JEFFREY E. RICHARDS, ROBERT J. LEARY, RICHARD T. MARINO, and JAMES THOMAS, as they constitute the Board of License Commissioners for the Town of Weymouth

DEFENDANTS

*May 20, 2004*
*See Order of the Court.*
*(Chernoff, J.)*
*att: Mr. K. Healy*
*too r au*

## DECLARATORY JUDGMENT AND AN ACTION PURSUANT TO 42 U.S.C.A. §1983 FOR DAMAGES AND INJUNCTIVE RELIEF

1. The Plaintiff is a Massachusetts corporation with a usual place of business at 1212 Washington Street, Weymouth, Norfolk County, Massachusetts.

2. The Defendants are the Board of License Commissioners for the Town of Weymouth and as such exercise jurisdiction over licenses issued pursuant to Ch. 138, §15.

3. The Plaintiff holds a license pursuant to M.G.L. ch. 138, §15 for the sale, delivery or furnishing of alcohol from the premises at 1212 Washington Street, Weymouth, Massachusetts.

4. In or about the middle of April, 2004, the Plaintiff, through its President and Manager, Thuong Nguyen, made available the license, stock on hand and lease to be purchased by a ready, willing and able buyer. The Buyer, the owner of another Ch. 138, §15 licensed establishment in the Town of Weymouth expressed interest and negotiated a sale price with the Plaintiff. A deposit was then presented to the Plaintiff to bind the offer.

5. On or about April 26, 2004, the Defendant caused to be served upon the Plaintiff a notice of a hearing scheduled for Tuesday, May 11, 2004

      regarding alleged violations of Ch. 138, §34 as noted in the attached correspondence.

6. Shortly after receipt of said notice, the Plaintiff was notified by Mr. David Gore, the proposed Buyer of a request to extend the time for signing of a Purchase and Sale Agreement. The Buyer asked for an additional week to sign a Purchase and Sale Agreement.

7. Due to a conflict in the schedule of the Plaintiff's counsel and further anticipating a sale of the premises to a third party, Plaintiff's counsel notified the Defendant's Town Solicitor of said conflict and requested a continuance of the scheduled May 11, 2004 hearing date. Said continuance was granted.

8. The Plaintiff subsequently was informed by its Buyer that he was no longer interested in moving forward at this time, however, indicated that he may be interested in a later date. The Plaintiff believes and therefore avers that the Buyer was aware of the scheduled hearing and anticipated that he would be able to obtain the license at a discount.

9. Upon determining that David Gore had indicated that he was not interested in moving forward with the purchase of the license and stock and trade, the Plaintiff, through its President, negotiated with John Nguyen, a minority stockholder, to acquire all of the outstanding issued stock and to apply for a change of licensed manager of the premises.

10. In or about May 4, 2004, John Nguyen applied for approval by the Defendant Board of Licensing Commissioners for approval of the transfer of the stock, the approval of new officers, directors, and a change of licensed managers. At that time, John Nguyen was informed that the next available date to appear before the Defendant Licensing Commissioners was June 22, 2004, as there were no scheduled license board hearings between May 11, 2004 and June 22, 2004.

11. On or about May 13, 2004, the Plaintiff received notice from the Defendant that a hearing would be held at 2:00 p.m. on Tuesday, May 25, 2004 with regard to the alleged violations under M.G.L. ch. 138, §34 (see attached).

12. Upon receipt of notice, Plaintiff inquired of counsel of his availability for the hearing on May 25, 2004 and was advised that counsel had a conflict and could not be present at that date and time. A request was made to the Defendant Chairman Franklin Fryer, to continue the hearing date and assign a hearing on the application for a transfer in its place. The request was summarily dismissed.

13. The Plaintiff therefore avers that the action of the Defendant is merely designed to punish the Defendant and not designed to correct and in the future avoid a potential hazard to the public. If the Defendant would allow a transfer of ownership of the licensee and a change of managers, then the plaintiff asserts the parties allegedly and potentially responsible for any violations, would be removed from the licensed establishment and the licensee. The requested action of the Plaintiff would provide the ultimate change desired by the public.

## COUNT 1

14. The Plaintiff restates and reavers Paragraph 1 through 13 as if they were fully enumerated herein.

15. By failing and refusing to act upon the application of John Nguyen as filed on May 4, 2004 and insisting upon going forward with a hearing on Tuesday, May 25, 2004 at 2:00 p.m. on the alleged violations under Chapter 138, §34, merely for the purpose of punishing the Plaintiff is a violation of the Plaintiff's civil rights as enumerated in 42 U.S.C.A. §1983.

16. In accordance with the policy established by the Defendant, a potential penalty, which the Plaintiff faces, could be a show cause hearing for license revocation. The Defendant has already agreed that the issuance of the license to the Plaintiff satisfied a public need.

17. By going forward with the hearing on May 25, 2004, the Plaintiff will suffer irreparable harm in that the Plaintiff's counsel is not available and if the Board moves for license revocation, the Plaintiff will suffer the loss of a valuable asset.

WHEREFORE, the Plaintiff demands:

1. That this Court temporarily restrain and enjoin the Defendant from holding the hearing on May 25, 2004 at 2:00 p.m as noted in its notice to the Plaintiff.

2. That the Court preliminarily restrain and enjoin the Defendant from holding the hearing in accordance with M.G.L. ch. 138, §34 before it holds a hearing on the application of the Plaintiff to transfer ownership of the Plaintiff and a change of managers of the Plaintiff.

3. That the Court permanently restrain and enjoin the Defendant from holding a hearing for licensure revocation of the Plaintiff's ch. 138 license.

4.  That damages be awarded to the Plaintiff, plus interest and costs.

5.  Such other relief as the Court deems meet and just.

J.L. 2 NGUYEN, INC.

By its attorney,

Gregory F. Galvin, Esq.
BBO #183920
Attorney for Plaintiff
775 Pleasant Street, Unit 16
Weymouth, MA 02189
(781) 340-5335

The within Complaint is hereby sworn and attested to.

Thuong Nguyen, President and
Treasurer of J.L. 2 Nguyen, Inc.

Dated: May 19, 2004

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
6/30/04

4