UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUL -2 P 12: 41

U.S. DISTRICT COURT
DISTRICT OF MASS

J.L. 2 NGUYEN, INC.,                    )
      Plaintiff                          )
                                    )
v.                                      )
                                      )
FRANKLIN FRYER, JEFFREY                 )
RICHARDS, ROBERT J. LEARY,              )
RICHARD T. MARINO and                   )
JAMES THOMAS, As They                   )
Constitute The Board of License         )
Commissioners For The Town of           )
Weymouth,                               )
      Defendants                         )

C.A. NO.  04-11447MLW

## DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

Defendants Franklin Fryer, Jeffrey Richards, Robert J. Leary, Richard T. Marino and James

Thomas, As They Constitute The Board of License Commissioners For The Town of Weymouth

(hereinafter collectively "Board"), respectfully move the Court to order plaintiff J.L. 2 Nguyen, Inc.

to provide a more definite statement of the plaintiff's claim asserted in the present lawsuit

particularly as it relates to the plaintiff's claim that the Board is liable under the Federal Civil Rights

Law, 42 U.S.C., § 1983.  Rule 12(e) Fed.R.Civ.P.  As grounds for this motion, the Board states that

the Complaint is so vague and ambiguous in its allegations that the Board cannot reasonably be

required to frame a responsive pleading to the portion of the Complaint alleging liability under 42

U.S.C., § 1983.

THE DEFECT COMPLAINED OF AND THE DETAILS REQUESTED:

A.     The Complaint Is Not Sufficiently Specific To Give Notice Of The Relevant Facts
        And Circumstances Which, If Proved, Establish A Basis For Recovery.

The Court should order the plaintiff to revise and/or supplement its Complaint to set forth,

## CERTIFICATION OF SERVICE

The undersigned attorney hereby certifies that on this 1st day of July, 2004, he served a copy of the foregoing document, via first class mail, upon the following:

Gregory F. Galvin, Esq.
775 Pleasant Street, Unit 16
Weymouth, MA 02189

William P. Breen, Jr.

6

in a clear and concise manner, facts sufficient to provide notice of the specific conduct which forms the basis of the plaintiff's claim that the defendants are liable under the Federal Civil Rights Law, 42 U.S.C., § 1983. See Baker v. McCollan, 443 U.S. 137, 146 n.3, 99 S.Ct. 2689, 2695 n.3 (1979). Title 42 U.S.C. Section 1983 does not create any substantive rights, but rather provides a vehicle for the protection and vindication of rights secured by the United States Constitution or by federal law). As presently pled, the Complaint does not allege facts which identify any purported deprivation sufficient to support the plaintiff's purported claim for relief under § 1983

The Complaint, as pled, asserts in substance that the plaintiff was notified on April 26, 2004 that the defendant Board of License Commissioners (hereinafter "Board") would hold a hearing concerning the plaintiff's violation of Massachusetts liquor laws (6 violations) on May 11, 2004. See Complaint, para. 5 and attachment to Complaint. The plaintiff sought a continuance of this hearing, which the Board allowed. Complaint, para. 7. The plaintiff alleges that on May 4, 2004, evidently in a gambit to avoid the potentially negative consequences of its violation of the Massachusetts liquor laws, it applied to the Board to transfer its stock, to approve new officers and directors and to change licensed managers. Complaint, para. 9. The Board allowed the plaintiff's request for continuance and on May 12, 2004 the plaintiff was notified that the hearing on its violations had been rescheduled for May 25, 2004. Complaint, para. 11. The plaintiff requested a second continuance of this hearing, which request was denied by the Board.[1] Complaint, para. 12. The plaintiff reveals its gambit to avoid the consequences of its violations of Massachusetts law in

---

[1] The hearing was subsequently continued to June 15, 2004 at which time the plaintiff appeared by counsel and had an opportunity to present evidence. The plaintiff was found responsible for all of three violations addressed at the first hearing and a second hearing day has been scheduled on the remaining allegations. The alleged refusal to permit a second continuance of the original hearing date cannot provide a basis for liability under § 1983.

2

Respectfully Submitted,

The Defendants,
FRANKLIN FRYER, JEFFREY RICHARDS,
ROBERT J. LEARY, RICHARD T. MARINO, and
JAMES THOMAS, As They Constitute The Board of
License Commissioners For The Town of Weymouth,
By their attorneys,

William P. Breen, Jr., Esq. BBO # 558768
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02110
(617) 479-5000

Dated: July 1, 2004

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

The undersigned attorney certifies that on July 1, 2004, prior to filing the above motion, he conferred in good faith with Mr. Gregory Galvin, counsel for the plaintiff, to narrow the issues raised by this motion.

William P. Breen, Jr.

5

Paragraph 13 of the Complaint, in which it argues that "if the Defendant would allow a transfer of ownership of the licensee (sic) and a change of the managers . . . (this would effect) the ultimate change desired by the public." Complaint, para. 13. The plaintiff concludes that "failing and refusing to act on the application . . . as filed on May 5, 2004 and insisting on going forward with a hearing . . . on the alleged violations under Chapter 138, § 34 merely for the purpose of punishing the plaintiff is a violation of the plaintiff's civil rights as enumerated in 42 U.S.C.A. § 1983." Complaint, para. 15. No deprivation of a specific federally protected right is identified. Allegations that the Board sought to enforce the laws of the Commonwealth rather than excuse the violations based on the plaintiff's expressed intent to transfer ownership and the license does not readily call any potentially cognizable deprivation to mind.

As the Complaint is presently pled, the Board must guess at what material circumstances form the basis of the plaintiff's claim which purportedly asserts a deprivation of a federally protected right by a Board acting under color of state law. At present, the allegations of the Complaint appear to reflect an effort to impact the decision of a Board charged with hearing and ruling on violations of the Massachusetts liquor laws by means of a very questionable if not specious allegation of civil liability for alleged deprivation of the plaintiff's undefined civil rights. It is the plaintiffs' responsibility to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) Fed.R.Civ.P. The present Complaint does not show that the pleader is entitled to relief, and a more clear and concise pleading is necessary.

The Board respectfully moves the Court to order the plaintiff to amend its Complaint to provide notice of (1) the factual basis of any claim which the plaintiff would assert that the defendant Board, acting under color of state law, deprived him of its federal civil rights; (2) the

3

specific right(s) which the plaintiff contends were deprived; and (3) if the plaintiff asserts liability based on any official policy statement or custom of the Board, the specific policy implicated by the alleged wrongdoing. The specification and detail requested would permit the Board to frame a pleading responsive to the allegations and circumstances, or to file a concise and well reasoned motion to dismiss.

      B.     The Complaint Contains Allegations Concerning The Timing Of Hearings Which Are Moot And Should Be Removed From Any Revised Pleading.

If the Court orders the plaintiff to provide a more definite statement of the facts in support of its claim made under § 1983, the Court should also order the plaintiff to delete claims concerning relief from the scheduling of a May 25, 2004 hearing. Specifically, the Board requests deletion of Paragraph 17 of Count I and Paragraph 1 of the plaintiff's prayer for relief. The hearing at issue was rescheduled from May 25, 2004 to a date more to the plaintiff's liking, and has in fact already taken place with the plaintiff's active participation by counsel. As the hearing at issue has taken place, and the plaintiff suffered no prejudice by reason of the scheduling of this hearing, no relief is necessary and the allegations should be deleted.


WHEREFORE, the defendant Board respectfully moves the Court to Order the plaintiff to amend the Complaint to provide a more definite statement of its cause of action under § 1983 or in the alternative, to delete the claim under § 1983 from its Complaint. The defendant Board also respectfully moves the Court to Order the plaintiff to delete Paragraph 17 of Count I and Paragraph 1 of the plaintiff's prayer for relief.

4